**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

JOHN MICHAEL BROUILLETTE, SR.,  :

      Plaintiff,                    :

vs.                               :       CA 22-0224-KD-MU

JOHANA BUCCI, etc., et al.,      :

      Defendants.

## REPORT AND RECOMMENDATION

This *pro se* civil rights action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S), for appropriate action. For the reasons stated, it is recommended that the Court dismiss this action, without prejudice, based upon John Michael Brouillette, Sr.'s failure to prosecute this action by complying with the Court's Order dated and entered June 16, 2022 (Doc. 3).

On June 13, 2022, *pro se* Plaintiff John Michael Brouillette, Sr., filed a civil rights complaint, under 42 U.S.C. § 1983, against various county and city officials, the Mobile County District Attorney's Office, and the Mobile Police Department, arising in relation to criminal charges that were brought against him by his wife in 2021, as well as the refusal of these same officials to explore bringing similar criminal charges against this wife. (*See* Doc. 1, PageID. 1-3). Concurrent with the filing of the complaint, Brouillette filed a motion to proceed without prepayment of fees and costs. (*See* Doc. 2, PageID. 8-11). Upon a review of Plaintiff's complaint and IFP motion, this Court entered an Order on June 16, 2022, denying Plaintiff's motion to proceed without prepayment of fees and

ordering him to pay the $402.00 filing fee and any other related costs not later than July 15, 2022. (*See* Doc. 3, PageID. 16-17). Brouillette was specifically warned that "his failure to pay the $402.00 filing fee and other related costs by July 15, 2022 will result in entry of a report and recommendation that this action be dismissed without prejudice for failure to comply with this Court's order that he pay the filing fee and related costs." (*Id.*, PageID. 17). To date, Brouillette has not remitted to the Clerk of Court the $402.00 filing fee and other related costs, timely or otherwise. (*See* Docket Sheet).

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Frith v. Curry,* 812 Fed.Appx. 933, 935 (11th Cir. May 4, 2020) (affirming a without prejudice dismissal for failure to comply with order directing payment of the initial partial filing fee); *Brown v. Tallahassee Police Dep't,* 205 Fed.Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming a without dismissal prejudice of a *pro se* action for failure to follow a court order); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc*., 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Brouillette has not remitted to this Court the $402.00 filing fee and related costs, or otherwise responded to the Court's Order dated and entered June 16, 2022.

(*Compare* Docket Sheet *with* Doc. 3).[1] Therefore, it is recommended that Brouillette's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order dated and entered on June 16, 2022.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before

---

[1]    Brouillette is no longer incarcerated—indeed, he lives in the free world (*see* Docs. 1 & 2)—and, therefore, he has been extended a gracious amount of time to comply with the June 16, 2022 Order before entry of this Report and Recommendation.

the Magistrate Judge is not specific.

      **DONE** this the 21st day of July, 2022.

                                             __s/P. Bradley Murray_____
                                             **UNITED STATES MAGISTRATE JUDGE**